IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-357-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES MELVIN, II, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE 33). Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny the motion (DE 39). Defendant objected, and the government responded. In this posture, the issues raised are ripe for ruling. For the reasons set forth below, the court adopts the M&R and denies the motion.

## STATEMENT OF THE CASE

Indictment filed November 21, 2017, charges defendant with 1) conspiracy to distribute and possess with intent to distribute heroin, and 2) possession with intent to distribute one kilogram or more of heroin.

On November 2, 2018, defendant filed the instant motion to suppress all evidence collected pursuant to a search of defendant's vehicle following a traffic stop on July 3, 2016. The government responded in opposition, relying on: 1) a cell phone tracking warrant, 2) photographs of gloves and evidence capsules, 3) a vehicle tracking warrant, 4) photograph of seized heroin, and 5) a cell phone search warrant.

The magistrate judge held an evidentiary hearing on the instant motion on January 30, 2019, at which the government presented testimony of James Duffy ("Duffy"), special agent with the United States Drug Enforcement Administration ("DEA"); James Yowell ("Yowell"), a Fayetteville police officer and former task force officer with the DEA; Rober Reeves ("Reeves"), a former trooper with the North Carolina Highway Patrol and former task force officer with the DEA; John Pierce ("Pierce") a captain with Hoke County sheriff's office; Brandon Covington ("Covington"), a trooper with the North Carolina Highway Patrol; and Mark Davies ("Davies"), a sergeant with Hoke County sheriff's office. In addition to the evidence attached to the government's opposition, the government introduced into evidence at hearing a video of Covington's dash cam.

The magistrate judge entered the M&R on February 15, 2019. Defendant objected on March 15, and the government responded on March 27, 2019.

## STATEMENT OF FACTS

The court incorporates herein by reference the magistrate judge's background summary of testimony given at the suppression hearing and other evidence of record (see M&R (DE 39) at 1-5), where such summary accurately describes such evidence.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Section 636(b) "grants the [district] judge the broad discretion to accept, reject, or modify the magistrate's proposed findings." United States v. Raddatz, 447 U.S. 667 at 680 (1980). A "de novo determination is not necessarily the same as a de novo hearing and . . . the decision to rehear testimony is within the sole discretion of the district

judge, even as to those findings based on the magistrate's judgment as to the credibility of the witnesses before him." Proctor v. State Government of North Carolina, 830 F.2d 514, 518 n.2 (4th Cir. 1987) (internal quotations omitted). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

B.  Analysis

In his motion to suppress, defendant contends that Covington, who initiated the July 3, 2016, traffic stop of defendant, was without sufficient reasonable suspicion of criminal drug trafficking activity to justify a 25 minute prolongation of the traffic stop while he waited for a canine to arrive to inspect the vehicle. The magistrate judge correctly and thoroughly addressed this argument in the M&R. Therefore, the court adopts the analysis in the M&R as its own. The court writes separately to augment the analysis in the M&R and to address defendant's objections.

From the time the traffic stop was initiated to the time the canine arrived on scene, Covington had sufficient information, relayed to him through Yowell and Reeves, to give him "more than an 'inchoate and unparticularized suspicion or hunch' of criminal activity" in the form of narcotics trafficking by defendant in the subject vehicle to justify the prolonged stop. Illinois v. Wardlow, 528 U.S. 119, 124, (2000) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)); see United States v. Massenburg, 654 F.3d 480, 492 (4th Cir. 2011). Both the basis for the suspicion and the relay of information to Covington is well documented in the officers' testimony. (See, e.g., Tr. 34-36; 49-50; 68-69). In addition, once the canine alerted to drugs in the vehicle, officers then on the scene had probable cause to search the vehicle. See United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994).

In his objections, defendant argues that a confidential source ("CS") who provided information to investigating officers was not credible, and that a July 3, 2016, tip of a drug transaction in progress was not credible. The credibility of the CS and information he gave to officers, however, is not directly before the court. Rather, the pertinent issue is whether such information properly formed part of the "evidence as a whole," in light of the "context and the particular experience of officers charged with the ongoing tasks of law enforcement," which provided officers with a reasonable suspicion to conduct the prolonged traffic stop. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008). Where the information given by the CS about drug trafficking was corroborated and consistent with other evidence gathered by officers, (Tr. 6-9, 17, 24, 34-35), officers properly relied upon it as part of the basis for a prolonged traffic stop.

Defendant also argues that evidence gathered by investigating officers in June 2016, in the form of phone calls by the CS, contacts with drug dealers with defendant's cell phone, and trash pulls, was not relevant to a probable cause determination on July 3, 2016. This argument misses the mark for two reasons. First, the cited information all is relevant to the totality of the circumstances and context supporting the reasonable suspicion of the officers. Branch, 537 F.3d at 337. As illustrated in testimony by Yowell, the accumulated evidence pointed in a commonsense manner to drug trafficking activity by defendant. (E.g., Tr. 34-35). Second, all of the evidence gathered in June 2016 gained even more significance upon the alert by the canine on the vehicle, which then served to establish probable cause for the search. Pennsylvania v. Labron, 518 U.S. 938, 940 (1996).

Finally, defendant argues that the court should take into account officer Yowell's assertion in his testimony that, absent the canine alert, he would have released defendant and attempted to obtain a search warrant for the vehicle. (See Tr. 40-41, 46). This assertion does not change the

4

court's analysis. First, whether or not Yowell could have obtained a search warrant of the vehicle without the canine alert is a hypothetical circumstance not before the court. Second, the court's analysis herein does not depend upon a determination of probable cause in advance of the canine alert, but rather upon a reasonable suspicion to justify the prolonged stop.

## CONCLUSION

Based upon the foregoing, upon de novo review of the M&R, and upon considered review of the record and defendant's objections, the court overrules defendants objections and ADOPTS the M&R (DE 39). Accordingly, defendant's motion to suppress (DE 33) is DENIED.

SO ORDERED, this the 22nd day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge